# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA**

-vs-                                                                                       Case No.  6:07-cr-45-Orl-19UAM

**SCOTT J. WALFORD**

_____

## MEMORANDUM ORDER

This Court enters its Memorandum with reference to its Orders on the following:

1. Defendant Scott Wolford's Motion to Extend Time Pursuant to Cr. R. 45(b)(1)(A) (Doc. No. 29, filed May 31, 2007);

2. Order Denying Docket Number 29, Defendant's Motion to Extend Time for Trial (Doc. No. 30, filed May 31, 2007);

3. Defendant Scott Wolford's Motion to Extend Time Pursuant to Cr. R. 45(b)(1)(A) (Doc. No. 31, filed June 4, 2007); and

4. Order Denying Docket Number 31, Defendant's Motion to Extend Time (Doc. No. 34, filed June 11, 2007).

### Background

Defendant was indicted for four counts of tax evasion on April 4, 2007. (Doc. No. 1). Counsel was appointed to represent Defendant on April 5, 2007. (Doc. No. 5). The case was set for trial on the June 4, 2007 trial term by a scheduling Order dated April 5, 2007. (Doc. No. 8). Shortly before the scheduling conference for the June 4, 2007 trial term, Defendant filed a Motion for his Counsel to Withdraw. (Doc. No. 20, filed May 17, 2007). At the scheduling conference held on May 22, 2007, counsel for both parties indicated there were no issues outstanding except for the

Defendant's motion to proceed *pro se*, and the Court was requested to and did give a date certain on which to commence the trial, June 18, 2007.

Thereafter, the Magistrate Judge held a *Faretta* hearing on May 25, 2007, issuing an Order granting Defendant's Motion the same day. (Doc. Nos. 24, 25). During the *Faretta* hearing and in the Order granting Defendant's Motion for Counsel to Withdraw, the Magistrate Judge advised the Defendant that he was unlikely to receive a continuance of the trial date designated in the case and needed to be prepared to commence trial as scheduled. (*See* Doc. Nos. 24, 25).

Defendant filed a Motion to Dismiss and two Motions to Extend Time for Trial, requesting a sixty (60) day continuance. (Doc. Nos. 29, 31, 32). Defendant's First Motion to Extend Time alleged: "Scott Wolford had an attorney that he fired because the attorney was not performing according to Wolford's wishes, and waiving rights that Wolford did not want to waive. Further said attorney did not help Scott Wolford to understand the nature and cause of action. Scott Wolford is looking for another counsel and seeks and [sic] extension of time for that reason." (Doc. No. 29, p. 2). Defendant's Second Motion to Extend Time alleges that "Defendant just received all his paperwork on May 25, 2007 and fifteen days does not even allow time to examine all paperwork let alone prepare for such a case." (Doc. No. 31, p. 1).[1]

The Court denied both of Defendant's Motions for Extension of Time by text Orders, Docket Numbers 30 and 34, and now issues the following Memorandum in support of its Orders on Defendant's Motions to Extend Time for Trial. (Doc. No. 29, 31).

---

[1] At trial Defendant admitted that his attorney had gone over documents with him prior to the time he began to proceed *pro se*.

**Standard of Review**

The decision to grant a continuance is within the discretion of the district court and should be "decided on a case by case basis in light of the circumstances presented." *United States v. Avalos*, 541 F.2d 1100, 1117 (5th Cir. 1976).[2]

**Analysis**

The Sixth Amendment's right to counsel "guarantees a defendant 'both a opportunity to be represented by counsel of his own choice and a sufficient time within which to prepare a defense.'" *United States v. Baker*, 432 F.3d 1189, 1248 (11th Cir. 2005) (quoting *Gandy v. Alabama*, 569 F.2d 1318, 1321 (5th Cir.1978)). The trial court must balance "the defendant's right to adequate representation by counsel of his choice and the general interest in the prompt and efficient administration of justice." *Id.* (citations omitted). Courts are not required to grant defendants an indefinite period to of time to retain counsel of their choice; rather "[d]efendants are only guaranteed a fair or reasonable opportunity to select the attorney of their choice." *Id.* (citations omitted).

The Eleventh Circuit has recognized the following general considerations for District Courts to follow in deciding if denying a continuance would infringe a defendant's right to counsel of choice:

> (1) the length of the delay; (2) whether the counsel who becomes unavailable for trial has associates prepared to try the case; (3) whether other continuances have been requested and granted; (4) the inconvenience to all involved in the trial; (5) whether the requested continuance is for a legitimate reason; and (6) any unique factors.

---

[2] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted the decisions of the United States Court of Appeals for the Fifth Circuit that were handed down prior to October 1, 1981 as binding precedent.

*Id.* Additionally, the Court should consider the following factors when the defendant claims he has inadequate time to prepare for trial: "the quantum of time available for preparation, the likelihood of prejudice from denial, the accused's role in shortening the effective preparation time, the degree of complexity of the case, and the availability of discovery from the prosecution." *United States v. Uptain,* 531 F.2d 1281, 1286 (5th Cir. 1976).

This case was initially set for trial in the June 2007 term without objection of the parties. (Doc. Nos. 8, 22). The Indictment was issued on April 4, 2007, over sixty (60) days before the scheduled trial term began. (Doc. No. 1). Although the underlying case could have commenced on the first day of the June trial term, June 4, 2007, the Court postponed the trial for a date certain of June 18, 2007, upon request of the Government, without objection of the Defendant, and for the convenience of certain witnesses. (Doc. No. 22). Faced with a heavy caseload and trial schedule, the Court arranged the trial and hearing dates of other criminal and civil cases in order to be able to try this case beginning on June 18, 2007. (*See* Doc. No. 34). Although no prior continuances were sought or granted, Defendant received more than two weeks of additional time to prepare his case because this trial did not commence until the middle of the June 2007 trial term. Defendant had seventy-five days from the date of the Indictment to prepare for trial, a sufficient time to get ready in this case, and his request, made shortly before the start of the trial term, for an additional sixty day continuance so he could locate new counsel to assert meritless motions was without merit.[3]

---

[3] At trial, Defendant and his former counsel, who served as stand-by counsel, conferred with each other regularly and enjoyed moments of private humor between themselves. There did not appear to be any animosity, hostility or aloofness between Defendant and his standby attorney. Defendant represented that he was not able to obtain new counsel in the thirty-two days between the filing of the motion for withdrawal of counsel and the start of the trial.

The Government has complied with its discovery obligations and provided all relevant materials, initially to Defendant's counsel and subsequently again to Defendant, in a timely manner and in accordance with the scheduling Order.[4] (Doc. No. 8, filed April 5, 2007). The underlying case is not complex. Although the evidence reflects that Defendant has not paid income taxes for several years since the tax year 1993, despite having earned a substantial income, and that he was a member of an organization that advocated abusive tax avoidance schemes, Defendant should have been intimately familiar with a large number of the documents presented because he either prepared and signed them, had them prepared, or received them from his employer or the Internal Revenue Service prior to the date of the Indictment.

Defendant did not raise the argument that he would not have time to prepare a defense until approximately two weeks before the scheduled trial date. (Doc. No. 31). Defendant's alleged lack of preparation time is a direct result of his own actions, his decision to fire his appointed counsel shortly before trial. (Doc. No. 20). Defendant's Court appointed counsel was capable and prepared to commence trial as scheduled on June 18, 2007. However, Defendant indicated at the *Faretta* hearing that he wished to discharge his appointed counsel because his attorney refused to assert a jurisdictional challenge which Defendant insisted should be asserted. The Court has denied Defendant's motion asserting this challenge which is frivolous.[5]

---

[4] Standby counsel for Defendant also advised the Court at trial that he had provided documents to Defendant.

[5] Defendant advised the Court at trial that he wanted to discharge his court appointed attorney because his attorney would not assert defenses that Defendant demanded, such as lack of jurisdiction of the Court over him and that the proceeding was void *ab initio* because it had not been commenced by a complaint. Defendant advised the Court that he wanted more time so that he could find an attorney who would assert these defenses. (*See* Doc. No. 29, 31, 32, 39).

Facing a heavy caseload and trial calendar, the Court has scheduled other cases for hearings and trial in order to try the underlying case as scheduled to commence on June 18, 2007. Granting an additional continuance would inconvenience the witnesses in this case, the Government, and the Court. Defendant's alleged reasons for requesting a continuance are a direct result of his decision to fire his attorney, who was prepared to go to trial in this case as scheduled, in order to assert a meritless jurisdictional challenge.

**Conclusion**

Based on the foregoing, the Court denies the Defendant's Motions to Extend Time for Trial (Doc. No. 29, 31).

**DONE** and **ORDERED** in Chambers in Orlando, Florida on this __20th_____ day of June, 2007.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
Scott J. Walford